UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE KRESIN,

                Plaintiff,

v.                                                                    3:12-CV-0257
                                                                      (GTS)
CAROLYN W. COLVIN, Comm'r of Soc. Sec.,[1]

                Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

LACHMAN & GORTON                                                      PETER A. GORTON, ESQ.
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.                                           JOHN M. KELLY, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Bruce Kresin ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on

---

[1] Plaintiff's complaint named Michael J. Astrue, as the Commissioner of Social Security, as the defendant. On February 14, 2013, Carolyn W. Colvin took office as Acting Social Security Commissioner. She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

the pleadings. (Dkt. Nos. 13, 15.) For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

Plaintiff was born on October 25, 1972. Plaintiff has a high school education, and is able to communicate in English. He has most recently worked for short periods of time as a packer for a snack food company and as a stock clerk at a toy store. Prior to that, Plaintiff worked from 2004 through October of 2006 as a quality control inspector in a sheltered workshop. Generally, Plaintiff's alleged disability consists of diabetes, obesity, sleep apnea, gastroesophageal reflux disease (GERD), shortness of breath, back pain, knee pain and hand problems. His alleged disability onset date is October 15, 2006, and his date last insured is September 30, 2011.

   B.      **Procedural History**

On December 6, 2009, Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income. Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On January 22, 2010, Plaintiff appeared before the ALJ, Richard West. (T. 19-39.) At the hearing, Plaintiff sought a determination of disability for a closed period – from Plaintiff's onset date, October 15, 2006, through July 24, 2008. (T. 22.) The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on February 19, 2010 (T. 5-18.) On January 26, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-4.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 10-14.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (T. 10.) Second, the ALJ found that Plaintiff's diabetes mellitus, obesity, shortness of breath of undetermined etiology, and obstructive sleep apnea are severe impairments. (*Id*.) Third, the ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 10-11.) The ALJ considered listing 9.08 and evaluated Plaintiff's obesity under the guidelines set forth in Social Security Ruling 02-1p. (*Id*.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except Plaintiff can only stand and/or walk for 2 hours and sit for 6 hours, can only occasionally perform postural functions, and needs to avoid concentrated exposure to fumes, dust and similar occupational irritants. (T. 11-14.) Fifth, and finally, the ALJ determined that Plaintiff can perform his past relevant work as a quality insurance inspector. (T. 14.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues that the ALJ erred in failing to find Plaintiff's lumbar disc disease, degenerative joint disease, and carpal tunnel syndrome severe, and erred in failing to consider their combined effect. (Dkt. No. 13 at 6-10 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ erred in failing to properly assess the medical evidence and in failing to apply the treating physician rule. (*Id*. at 10-14.) Third, and finally, Plaintiff argues that the ALJ erred in his determination of Plaintiff's RFC. (*Id*. at 14-15.)

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues that the ALJ properly determined the severity of Plaintiff's impairments. (Dkt. No. 15 at 9-15 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly considered the medical evidence and the opinion of Dr. Denzien, a treating source. (*Id*. at 15-20.) Third, and finally, Defendant argues that the ALJ properly determined Plaintiff's RFC. (*Id*. at 20-23.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

>gainful activity.  Assuming the claimant does not have a listed
>impairment, the fourth inquiry is whether, despite the claimant's severe
>impairment, he has the residual functional capacity to perform his past
>work.  Finally, if the claimant is unable to perform his past work, the
>[Commissioner] then determines whether there is other work which the
>claimant could perform.  Under the cases previously discussed, the
>claimant bears the burden of the proof as to the first four steps, while the
>[Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether the ALJ Properly Considered the Severity of Plaintiff's Impairments

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated in Plaintiff's memorandum of law.  (Dkt. No. 13 at 6-10 [Pl.'s Mem. of Law].)  The Court would only add the following analysis.

In his decision, the ALJ found that Plaintiff's diabetes, obesity, shortness of breath and sleep apnea are severe impairments, but did not address the severity of Plaintiff's alleged back, knee or hand impairments.  According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  The standard for a finding of severity under the second step of the sequential analysis has been found to be de minimis, and is intended only to screen out the truly weakest of cases.  *Davis v. Colvin*, No. 11-CV-0658, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995).  At step two, the claimant bears the burden to provide medical evidence demonstrating the severity of his condition.  *See* 20 C.F.R. § 404.1512(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

Plaintiff argues that the ALJ erred in failing to find his back, knee and hand impairments severe, citing the medical reports of Drs. Justine Magurno, Darlene Denzien and Subramaniam Sadhasivam, as well as the x-ray reports of Dr. David Pulver.  To the extent Plaintiff argues that the ALJ should have determined that Plaintiff's knee and hand impairments are severe, Plaintiff is incorrect.  The x-ray of Plaintiff's right knee revealed a small bone above the medial tibial spine, which the radiologist opined is "likely fixed" although he could not be certain.  The radiologist suggested that an MRI could be considered "[i]f [the] patient persists," but there is no evidence that further testing was requested or completed.  (T. 176.)  Although Dr. Magurno noted that Plaintiff had slightly reduced knee range of motion, she explained this was related to obesity, which impairment the ALJ extensively considered in his decision.  Also, while Dr. Magurno diagnosed Plaintiff with "possible carpal tunnel syndome," she noted "no limitations" for fine motor activity of the hands.  (T. 168.)  Accordingly, the ALJ did not err in failing to find that Plaintiff's alleged knee and hand impairments are severe.

However, Plaintiff is correct that the medical evidence supports a finding that Plaintiff's back impairment significantly limits his ability to do basic work activities, and therefore, it was error for the ALJ to fail to find that Plaintiff's back impairment is severe.  Plaintiff's x-ray findings are "suggestive of lumbar spinal stenosis."  (T. 175.)  Also, Dr. Magurno noted Plaintiff's report that he has lower back pain when walking, which he described as burning.  (T. 165.)  Upon examination, Dr. Magurno found that Plaintiff had a limited lumbar spine range of motion.  (T. 167.)  Finally, Dr. Magurno concluded that Plaintiff had a marked limitation for walking, lifting, carrying and standing and a moderate limitation for squatting, pushing and pulling.  (T. 168.)  Dr. Denzien reported that Plaintiff is not able to stand for two hours in an eight-hour day, and that he should not lift any weight at all.  (T. 186.)  Accordingly, there is

sufficient evidence to find that Plaintiff's back impairment significantly limited his ability to do basic work activities such as walking, standing and lifting.  *See* 20 C.F.R. § 404.1521(b)(1).  Therefore, it was error for the ALJ to fail to find that Plaintiff's back impairment is severe.

However, where as here "an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis."  *Chavis v. Astrue*, No. 07–CV–0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010).  *See also* 20 C.F.R. § 404.1523 (ALJ required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity").  Here, to be sure, the ALJ did not deny benefits based on the lack of a sever impairment.  Further, the ALJ clearly considered Plaintiff's back impairment in the reminder of his decision.  Moreover, since the ALJ was required to considered all of Plaintiff's impairments after step two of the sequential analysis, even those that are not severe, *see* 20 C.F.R. § 404.1523, any error associated with the ALJ's finding that Plaintiff's back impairment is not severe was harmless.  *See Ellis v. Comm'r of Soc. Sec.*, No. 11–CV–2305, 2012 WL 5464632, at *5 (N.D.N.Y. Sept. 7, 2012).  Because the ALJ's error in failing to find Plaintiff's back impairment severe is harmless, remand is not necessary on this basis.

      **B.**    **Whether the ALJ Properly Assessed the Opinion of Dr. Darlene Denzien**

After carefully considering the matter, the Court answers this question in the negative, in part for the reasons stated in Plaintiff's memorandum of law.  (Dkt. No. 13 at 10-14 [Pl.'s Mem. of Law].)  The Court would only add the following analysis.

Under the "treating physician's rule," controlling weight is given to a plaintiff's treating physician's opinion when (1) the opinion is well supported by medically acceptable clinical and

laboratory diagnostic techniques, and (2) the opinion is consistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir.2004); *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012). When controlling weight is not given, the ALJ should consider the following factors to determine the proper weight assigned to a treating physician's opinion: (1) frequency of the examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; and (4) whether the opinion is from a specialist. *See* 20 C.F.R. § 404.1527(d); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir.2000). Regulations require ALJs to set forth his or her reasons for the weight assigned to a treating physician's opinion. *See Shaw*, 221 F.3d at 134.

Here, the ALJ gave the January 28, 2010 opinion of Dr. Denzien no weight. (T. 13, 185-187.) The ALJ summarized Dr. Denzien's opinion as follows: "[Dr. Denzien opined that] due to [Plaintiff's] obesity he had fatigue, little ability to sustain work pace, and lifting, sitting, standing, walking, pain and postural limitations. [Dr. Denzien also] reported that [Plaintiff] was able to lift no weight, able[2] to stand for more than 2 hours, and sit for less than 6 hours. [Dr. Denzien] indicated that this opinion was valid from October 2006 through October 2009." (T. 13.) The ALJ explained that he assigned this opinion no weight because it failed to differentiate the period prior to Plaintiff's bariatric surgery on July 24, 2008 from the period after his surgery, "an event which [Plaintiff] acknowledged permitted him to go back to work." (*Id*.) According to the ALJ, "[a] fair reading of Dr. Denzien's opinion compels the conclusion that the surgery had no effect, which is clearly contrary to the substantial evidence in the record." (*Id*.)

---

[2]   In fact, Dr. Denzien's report states that Plaintiff "[i]s **not** able to stand for two hours out of an eight hour day[.]" (T. 186 [emphasis added].)

9

Plaintiff argues that (1) the ALJ erred in his interpretation of the basis of Dr. Denzien's opinion and (2) if the ALJ felt that there was a gap or an ambiguity in Dr. Denzien's report, he erred in failing to obtain the missing information.

The ALJ has an affirmative duty to develop the record. *See Moran v. Astrue*, 569 F.3d 108, 112 (2nd Cir. 2009) ("[I]t is the well-established rule in our circuit that the social security ALJ... must on behalf of all claimants ... affirmatively develop the record...." (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508–09 (2d Cir.2009)) (internal quotation mark omitted)). This duty exists "[e]ven when a claimant is represented by counsel," due to the "non-adversarial nature of a benefits proceeding." *Id.* (quoting *Lamay*, 562 F.3d at 509). Re-contacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. *See* 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 404.1512(e)(1); *Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir.1999); *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir.1998).

Moreover, an ALJ has an independent duty to make reasonable efforts to obtain a report prepared by a claimant's treating physician, including an assessment of the claimant's functional capacity, in order to afford the claimant a full and fair hearing. *See Smith v. Astrue*, — F. Supp. 2d. —, —, 2012 WL 4052275, at *12 (N.D.N.Y. Sept. 13, 2012) (citing 20 C.F.R. § 404.1512(e); *Devora v. Barnhart*, 205 F. Supp. 2d 164, 174 (S.D.N.Y. 2002) (collecting cases); *Hardhardt v. Astrue*, No. 05–CV–2229, 2008 WL 2244995, at *9 (E.D.N.Y. May 29, 2008)). However, the ALJ has no duty to re-contact a source where the evidence submitted by that source is complete.

Where the source's opinion includes all of the factors set forth in 20 C.F.R. § 416.913[3] and there is no indication that further contact will result in additional information, re-contact is not necessary. *See Hluska v. Astrue*, No. 06–CV–0485, 2009 WL 799967, at *17 (N.D.N.Y. Mar. 25, 2009).

Here, the ALJ gave Dr. Denzien's opinion no weight because she failed to address the distinction between Plaintiff's limitations before and after his surgery, and therefore, the only fair conclusion the ALJ felt he could draw from Dr. Denzien's opinion is that she felt the surgery had no effect on Plaintiff's limitations. To be sure, the report completed by Dr. Denzien appears to be a form that was submitted to her, which states at the very beginning that "[a]ll questions in this physician report pertain to the period of October 2006 through July 24, 2008." (T. 185.) In her answer to the final question on the form, Dr. Denzien indicated that, "[b]ased on history, [her] examinations, review of [Plaintiff's] medical records and objective, clinical and consistent subjective finding," the time period represented by her report is October 1, 2006 through October 10, 2009. (T. 187.) However, the record on appeal only includes treatment records from Dr. Denzien's medical group through June 2008. (T. 289-209.) Since Dr. Denzien indicated she was relying on examinations through October 2009, it stands to reason that there is a gap in the medical records that the ALJ had a duty to address before giving no weight to Dr. Denzien's opinion.

Moreover, to the extent the ALJ relied on Plaintiff's testimony that he could have worked during the relevant period in support of assigning no weight to Dr. Denizien's opinion, which the ALJ viewed as contradictory, the ALJ erred in failing to address Plaintiff's testimony that he was

---

[3] Pursuant to 20 C.F.R. § 416.913(b), medical reports should include a patient's (1) medical history, (2) clinical findings, (3) laboratory findings, (4) diagnosis, (5) treatment prescribed with response and prognosis, and a (6) statement about what the patient can still do despite his or her impairments based on the findings set forth in factors (1) through (5).

being accommodated at his former job by his supervisor, who was a good friend of his, such that Plaintiff was taking a five minute break every thirty minutes, which was something other employees were not allowed to do. (T. 26-29.)

Accordingly, remand is necessary so that the ALJ may further develop the record and sufficiently explain the weight assigned to the opinion of Dr. Denzien.

        **C.**      **Whether the ALJ's Erred in His Determination of Plaintiff's RFC**

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 13 at 14-15 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

Here, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except Plaintiff can only stand and/or walk for 2 hours and sit for 6 hours, can only occasionally perform postural functions, and needs to avoid concentrated exposure to fumes, dust and similar occupational irritants. (T. 11-14.) Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b),

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

§§ 404.1567(b) and 416.967(b). Here, in assigning significant weight to the opinion of Dr. Magurno, the ALJ notes her opinion that Plaintiff has a marked limitation in lifting, but finds that "there is no indication in the record that would support a finding that the [Plaintiff] could not lift up to 20 pounds occasionally and 10 pounds frequently, or stand and/or walk two hours in a normal workday." (T.13.) Plaintiff correctly argues that there is no record evidence of a

physician's finding that Plaintiff can frequently lift or carry up to 10 pounds.  Moreover, not only did Dr. Magurno find that Plaintiff has marked limitation for walking, lifting, carrying and standing, she also found that Plaintiff has moderate limitation for squatting, pushing and pulling. (T. 168.)  Given the regulations state that in order to be capable of light work, an individual must be able to do substantially all of the activities of walking, standing, pushing and pulling, the ALJ's finding that Plaintiff is capable of light work is not supported by substantial evidence.

Remand is necessary so that the ALJ can revisit his RFC determination after further developing the record regarding the opinion of Drs. Denzien and Dr. Magurno's functional capacity analysis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: May 21, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge